# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# GAINESVILLE DIVISION

| | |
|---|---|
| **NEW HORIZON HOMES, INC.,**     ) | |
|                                                           ) | |
|      **Plaintiff/**                                  ) | |
|      **Third-Party Plaintiff,**                 ) | |
|                                                           ) | **CIVIL ACTION FILE NO.** |
| v.                                                      ) | **2:25-cv-00012-RWS** |
|                                                           ) | |
| **SHERI GEPP f/k/a SHERI DAWN** ) | |
| **KERN and BEAR PAW RENTALS,** ) | |
| **LLC,**                                              ) | |
|                                                           ) | |
|      **Defendants/**                              ) | |
|      **Counterclaim-Plaintiffs,**             ) | |
|                                                           ) | |
| v.                                                      ) | |
|                                                           ) | |
| **NEW HORIZON HOMES, INC., CARL** ) | |
| **BLEDSOE, BRANDON BLEDSOE,**    ) | |
| **JASPER WAYNE PROCTOR, JR., and** ) | |
| **ACME AMERICAN, LLC,**              ) | |
|                                                           ) | |
|      **Counterclaim-Defendants**           ) | |
|                                                           ) | |
| v.                                                      ) | |
|                                                           ) | |
| **DC INSTALLATIONS, INC.,**          ) | |
|                                                           ) | |
|      **Third-Party Defendant.**              ) | |

## THIRD-PARTY COMPLAINT

-1-

**COMES NOW**, NEW HORIZON HOMES, INC. ("Plaintiff"), files this, their Third-Party Complaint against DC Installations, Inc. ("DCI" or "Third-Party Defendant"), and shows this Honorable Court the following:

### PARTIES & JURISDICTION

1.

Plaintiff NEW HORIZON HOMES, INC. is a Georgia Corporation with their principal place of business located at 3950 Cobb Parkway NW, Suite 901, Acworth, Cobb County, Georgia 30144, and is subject to the jurisdiction of this Court.

2.

Third-Party Defendant DC INSTALLATIONS, INC. is a Georgia Corporation with their principal place of business located at 901 Hall Station Road, Adairsville, Bartow County, Georgia 36103, and may be served through their Registered Agent, Jordan Wothy, at 901 Hall Station Road, Adairsville, Bartow County, Georgia 36103. Upon service, this Court has personal jurisdiction over Third-Party Defendant DCI.

3.

Jurisdiction and venue are proper in this Court.

[CONTINUED ON THE FOLLOWING PAGE]

**S<small>TATEMENT OF</small> M<small>ATERIAL</small> F<small>ACTS</small>**

4.

Plaintiff realleges and incorporates the previous paragraphs herein by reference.

5.

On or about April 20, 2023, Defendant Sheri Gepp f/k/a Sheri Dawn Kern ("Gepp") entered into a Construction Agreement (the "Agreement") wherein Defendant Gepp authorized Plaintiff to furnish labor and/or materials on the property located at 245 Bear Paw Trail, Blue Ridge, Gilmer County, Georgia 30153 (the "Property") and agreed to pay Plaintiff for the provision of same.

6.

The Agreement included, in its scope, the construction of a deck.

7.

Plaintiff subcontracted the construction of the deck to DCI.

8.

DCI was responsible for the labor, workmanship, and construction of the deck and was required to perform its work in a good and workmanlike manner and in compliance with applicable codes and standards.

[CONTINUED ON THE FOLLOWING PAGE]

9.

Defendants have asserted counterclaims against Plaintiff in this action alleging that the deck was negligently designed and/or constructed.

10.

Plaintiff denies that the deck was negligently designed or constructed and denies liability to Defendants.

11.

However, in the event Defendants prevail on their claims related to the deck, any alleged defect, deficiency, or damage would have been caused, in whole or in part, by the acts or omissions of DCI.

## COUNT ONE
### CONTRIBUTION

12.

Plaintiff realleges and incorporates the previous paragraphs herein by reference.

13.

If Plaintiff is found liable to Defendants for damages arising out of the alleged negligent construction of the deck, DCI is or may be liable to Plaintiff for contribution for its proportionate share of any such damages.

[CONTINUED ON THE FOLLOWING PAGE]

## COUNT TWO
### I<span>NDEMNIFICATION</span>

14.

Plaintiff realleges and incorporates the previous paragraphs herein by reference.

15.

If Plaintiff is found liable to Defendants for damages arising out of the alleged negligent construction of the deck, such liability would be purely derivative of the conduct of DCI.

16.

Under principles of common law indemnity, DCI is obligated to indemnify and hold Plaintiff harmless from any damages, costs, or losses arising out of DCI's negligent or improper work.

## COUNT THREE
### A<span>TTORNEY'S</span> F<span>EES</span> & E<span>XPENSES OF</span> L<span>ITIGATION</span>

17.

Plaintiff realleges and incorporates the previous paragraphs herein by reference.

[CONTINUED ON THE FOLLOWING PAGE]

18.

Third-Party Defendant has caused Plaintiff unnecessary trouble and expense. Third-Party Defendants' actions justify an award of Plaintiff's attorney's fees and expenses of litigation pursuant to OCGA § 13-6-11.

**WHEREFORE**, Plaintiff respectfully prays as follows:

a) That process issue and that the Summons and Complaint be served upon Third-Party Defendant;

b) For a judgment to be entered against Third-Party Defendant for contribution and/or indemnification for any and all amounts Plaintiff is adjudged liable to Defendants arising out of the alleged construction defects associated with the deck;

c) That Plaintiff recover from Third-Party Defendant all costs and expenses incurred in bringing this action, including reasonable attorney's fees; and

d) For such other and further relief as this Court deems just and proper.

[SIGNATURE ON THE FOLLOWING PAGE]

-7-

Respectfully submitted this 17th day of December, 2025.

                    ***/s/ Nicholas M. Booth***
                    Justin O'Dell
                    Georgia Bar No. 549414
                    Nicholas M. Booth
                    Georgia Bar No. 209998
                    Attorneys for Plaintiff
                    O'DELL HUNGERFORD BLANCHARD & BOOTH
                    506 Roswell Street, Suite 210
                    Marietta, Georgia 30060
                    Telephone: (770) 405-0164
                    Fax: (770) 293-0007
                    Email: jbo@ohbblaw.com
                                nmb@ohbblaw.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to counsel of record.

This 17th day of December, 2025.

>  */s/ Nicholas M. Booth*
> Justin O'Dell
> Georgia Bar No. 549414
> Nicholas M. Booth
> Georgia Bar No. 209998
> Attorneys for Plaintiff
> O'DELL HUNGERFORD BLANCHARD BOOTH
> 506 Roswell Street, Suite 210
> Marietta, Georgia 30060
> Telephone: (770) 405-0164
> Fax: (770) 293-0007
> Email: jbo@ohbblaw.com
>              nmb@ohbblaw.com

## CERTIFICATE OF COMPLIANCE

Pursuant to Rule 7.1(D) of the Local Rules of the Northern District of Georgia, the undersigned counsel for Defendants hereby certifies that the foregoing document was prepared in a font and point selection approved by this Court and authorized by Local Rule 5.1(C).

This 17th day of December, 2025.

*/s/ Nicholas M. Booth*
Justin O'Dell
Georgia Bar No. 549414
Nicholas M. Booth
Georgia Bar No. 209998
Attorneys for Plaintiff
O'DELL HUNGERFORD BLANCHARD & BOOTH
506 Roswell Street, Suite 210
Marietta, Georgia 30060
Telephone: (770) 405-0164
Fax: (770) 293-0007
Email: jbo@ohbblaw.com
       nmb@ohbblaw.com